(August 23, 1978)

In the Matter of WILLIAM R. BROWN, Respondent, v JOHN M. RADWAY et al., Appellants. In the Matter of JOHN M. RADWAY et al., Appellants, v WILLIAM R. BROWN et al., Respondents.—In consolidated proceedings to (1) invalidate the petition designating John M. Radway as a candidate in the Conservative Party primary election to be held on September 12, 1978 for the public office of Representative to the United States Congress from the 1st Congressional District and (2) validate said petition, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 15, 1978, which, after a hearing, *inter alia,* dismissed the proceeding to validate the said petition. Judgment affirmed, without costs or disbursements. No opinion. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

In the Matter of MAGNOLIA BURROUGHS, Appellant, v CHARLES A. AVARELLO et al., Respondents.—In a proceeding, *inter alia,* to invalidate the petition designating respondent Calvin Williams as a candidate in the Democratic Party primary election to be held on September 12, 1978 for the public office of Member of the Assembly from the 56th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County dated August 18, 1978, which, after a hearing, denied the application to invalidate the petition. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Ventiera at Special Term. We merely add that the Legislature, by restoring the right to vote to a person convicted of a felony, after he has served his maximum term of imprisonment (Election Law § 5-106, subd 2), manifested an intent to allow such an individual to run for public office. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

In the Matter of JEANNETTE GADSON, Appellant, v MAURICE A. REID et al., Respondents.—In a proceeding to invalidate petitions designating Maurice A. Reid as a candidate in the Democratic Party primary election to be held on September 12, 1978, for the public office of City Councilman from the 26th Councilmanic District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 17, 1978, which, after a hearing, denied the petition. Judgment affirmed, without costs or disbursements. The question of residence presents a pure question of fact. Special Term heard and saw the witnesses. We find no basis to disturb its conclusion. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.